UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| APRIL DAWN EIDSMOE, <br><br>  Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br><br>  Defendant. | CASE NO. C17-5160 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. 16), and Plaintiff April Dawn Eidsmoe's ("Eidsmoe") objections to the R&R (Dkt. 17).

On August 18, 2017, Judge Tsuchida issued the R&R recommending that the Court reverse the Administrative Law Judge's ("ALJ") decision denying Eidsmoe's application for benefits and remand for further proceedings. Dkt. 16. On September 1, 2017, Eidsmoe filed objections requesting that the Court remand for immediate payment of benefits instead of further proceedings. Dkt. 17. On September 14, 2017, the Government responded arguing that "Eidsmoe has not shown that this case warrants a reversal for payment of benefits." Dkt. 18 at 4.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court should ordinarily remand matters to the administrative agency for "additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "[T]hus we generally remand for an award of benefits only in rare circumstances where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id*. at 1100 (internal citations and quotations omitted).

In this case, Eidsmoe argues that Judge Tsuchida ignored her argument that the vocational expert's ("VE") testimony relied upon the assumption Eidsmoe required a reasonable accommodation to perform sedentary work. Dkt. 17 at 2. While the VE stated that Eidsmoe bringing a stool to support her leg or a potential employer providing a stool would be a reasonable accommodation, *see* Dkt. 16 at 10, the Government is correct that a VE is not a legal expert and is unqualified to opine on the legal conclusion of a reasonable accommodation, Dkt. 18 at 3. The Government also indicates that supporting her leg on a stool was one alternative to ease the pain and that loosening her knee brace was also recommended. *Id*. This is the type of evidentiary issue that requires additional consideration of the record. Therefore, Eidsmoe has failed to show that this is the rare circumstance where there is no need for further administrative proceedings.

The Court having considered the R&R, Eidsmoe's objections, and the remaining record, does hereby find and order as follows:

    (1)    The R&R is **ADOPTED**;

    (2)    The ALJ's decision is **REVERSED**;

    (3)    The matter is **REMANDED** for further proceedings; and

    (4)    The Clerk shall close this case.

Dated this 19th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge